UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES JAAMIL SHORTER**                                                   **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 3:04CV-P579-S**

**STEPHEN B. PENCE**
**LARRY CHANDLER**                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, Charles Jaamil Shorter, who is currently confined in the Kentucky State Reformatory ("KSR"), filed a *pro se* complaint alleging state and federal constitutional violations. This matter is before the court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

In the complaint, the plaintiff alleges a violation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Section 17 of the Kentucky Constitution. To this end, he sues two defendants. Defendant Stephen B. Pence[1] is the Lieutenant Governor of the Commonwealth of Kentucky and Secretary of the Justice and Public Safety Cabinet, which oversees the Kentucky Department of Corrections ("KDOC"), and Defendant Larry Chandler is the Warden of KSR. The plaintiff fails to specify in which capacity he is suing these defendants.

---

[1] The plaintiff actually identifies this defendant as "Stephan B. Pence" of the "Commonwealth of Kentucky Department of Correction." The court, however, takes notice that Stephen B. Pence is, more specifically, the Lieutenant Governor of the Commonwealth of Kentucky and Secretary of the Justice and Public Safety Cabinet.

According to the complaint, the plaintiff was committed to the KDOC in July 2002 and lodged in the KSR in August 2002. During his period of commitment in the KDOC, claims the plaintiff, "he has been allowed to be assaulted by and injured by an inmate and officials of KSR and said officials did willfully, intentionally and knowingly coverup such assault and conspire with third parties to wrongfully accuse and punish [the plaintiff] for said assault." He also claims that during his commitment in the KDOC, he has been diagnosed with heart disease, diabetes, hypertension and hepatitis C, "none of which has been caused to be adequately and humanely treated by medical professionals employed by and/or under the direction or auspices of [KDOC] officials, all constituting deliberate medical indifference." He further maintains that he has been "caused to exist in an unsafe, unsanitary and putrid physical environment."

As a result of the complaints herein, contends the plaintiff, he has "suffered great physical and mental anguish and loss part of his left lower extremity." Additionally, he claims that as a result of his many complaints to KDOC and KSR officials, he has been retaliated against and "unfairly and unjustly treated and punished." According to the plaintiff, "the behavior of [KDOC] through its agents and employees both past and present has caused [him] permanent physical and mental injury and damages and poses a real and present continuing danger and threat for his very existence."

Consequently, the plaintiff seeks various forms of relief. He first asks that the KDOC be required to maintain facilities which provide a safe and humane environment for the commitment and custody of men and women in compliance with its own rules and regulations and in compliance with the United States and Kentucky Constitutions. He next asks to be compensated for damages resulting from his physical and emotional injuries. Finally, he requests that the

United States Department of Justice investigate and monitor the practices of the KDOC for compliance with the United States Constitution.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with

*pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

As a preliminary matter, the court notes that the present case is in federal court because the plaintiff asserts, in part, claims under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The plaintiff may not, however, bring his action directly under the Constitution as Congress has, by way of 42 U.S.C. § 1983, explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). "[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*,

4

818 F.2d at 500.  Therefore, the court construes this action as being brought under 42 U.S.C. § 1983.

### A.  Section 1983 Claims

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement for actions initiated under federal law.  The administrative exhaustion requirement is contained in 42 U.S.C. § 1997e(a) and specifically provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In enacting this provision, Congress clearly imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under § 1983.  The exhaustion of administrative remedies is now mandatory, rather than discretionary.  *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).  "The statutory language, 'no action shall be brought' until all administrative remedies are 'exhausted,' should be interpreted to mean precisely what is obviously intended – that a federal court should not prematurely 'decide' the merits of any such action."  *Id.*  Complete exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a) even if the administrative process cannot provide the plaintiff with the relief he seeks.  *Booth v. Churner*, 531 U.S. 956 (2001).

The plaintiff has the burden of pleading exhaustion of his administrative remedies. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).  If an inmate fails to exhaust his administrative remedies, the court must *sua sponte* dismiss the complaint.  *Brown v. Toombs*, 139 F.3d at 1104.  To establish that he has exhausted his

5

administrative remedies prior to filing suit, a prisoner should attach to his complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d at 1104. If written documentation is not available, a prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d at 642.

The KDOC has a multi-stage grievance procedure in place. *See* Corrections Policy and Procedure 14.6. The plaintiff, however, has wholly failed to allege that he availed himself of this available administrative remedy. *Thomas v. Woolum*, 337 F.3d 720, 726-27 (6th Cir. 2003) ("[A] prisoner does not exhaust his administrative remedies when he fails to commence the grievance process or to run the gamut of potential appeals."). While the court is troubled by the plaintiff's allegations, it is bound by the statutory and case law mandating exhaustion of available administrative remedies prior to filing suit under § 1983. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that exhaustion is "a precondition to filing an action in federal court"). As stated by the Sixth Circuit,

> A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

*Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (internal citations omitted).

Because the plaintiff has failed to allege exhaustion of available administrative remedies prior to filing this action in federal court, the § 1983 claims must be dismissed without prejudice under § 1997e(a).

### B. State Law Claim

Finally, the plaintiff claims a violation of Section 17 of the Kentucky Constitution. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state law claim will be dismissed without prejudice.

The court will enter an order consistent with this memorandum opinion.

Dated:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.005