**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**CHARLES JAAMIL SHORTER**                                                                **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:04CV-P579-S**

**STEPHEN B. PENCE
LARRY CHANDLER**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

The plaintiff, a prisoner incarcerated at the Kentucky State Reformatory ("KSR"), filed a

*pro se* complaint asserting violations of the United States and Kentucky Constitutions (DN 1).

The plaintiff alleged an assault by an inmate and KSR officials, a cover-up of the incident, and a

conspiracy "to wrongfully accuse and punish" the plaintiff for said assault.  He further alleged

inadequate medical treatment and confinement in "an unsafe, unsanitary and putrid physical

environment."  By Memorandum Opinion and Order entered April 29, 2005, the Court dismissed

the federal claims without prejudice under 42 U.S.C. § 1997e(a) due to the plaintiff's failure to

demonstrate exhaustion of available administrative remedies prior to filing suit in federal court

and declined to exercise supplemental jurisdiction over the remaining state law claim (DNs 8 &

9).

The plaintiff has now filed a motion to set aside the Court's Order of dismissal, arguing

that he has exhausted all avenues open to him, that unspecified officials are denying him due

process of law, and that there is no legitimate remedy in state court (DN 10).  Because the

plaintiff filed this motion within ten days of the Court's Order of dismissal, the Court construes

the motion as a Rule 59(e) motion to alter or amend.[1]  He additionally filed two supplements to his motion attempting to add additional claims (for instance, he challenges disciplinary write-ups which occurred since the filing of his complaint) and attempting to demonstrate exhaustion of available administrative remedies (DNs 12 & 13).  Most recently, the plaintiff has filed a motion asking the Court to obtain a copy of the "forced cell move" of August 23, 2004, "as it is pertinent to my defense." (DN 14).

Rule 59(e) "[m]otions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc., v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).  The plaintiff has failed to meet this standard.

Sixth Circuit case law is clear.  "Under the Prison Litigation [Reform] Act [PLRA], courts have no discretion in permitting a plaintiff to amend a complaint to avoid sua sponte dismissal."  *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).  This mandate pertains to all amendments, even to amendments purporting to demonstrate exhaustion of available administrative remedies.  *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) ("[A] prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies.").  As this Court advised the plaintiff in its prior Memorandum Opinion, if he "has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet [the] heightened pleading requirement,

---

[1]A Rule 59(e) motion "shall be filed no later than 10 days after entry of the judgment."  When computing any period of time prescribed by the Federal Rules of Civil Procedure, "the day of the act, event, or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a).  Further, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  *Id.*  Applying these rules, the tenth day fell on May 13, 2005, the date the plaintiff's motion was filed.

assuming that the relevant statute of limitations has not run." *Id.* at 489.  The Court further advises the plaintiff that he must exhaust each individual claim, *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); that he must "file a grievance against the person[s] he ultimately seeks to sue," *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); and that "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones Bey v. Johnson*, 407 F.3d at 805.

As nothing in the plaintiff's Rule 59(e) motion and supplements thereto warrants alteration of the Court's prior decision, **IT IS ORDERED** that the Rule 59(e) motion (DN 10) and supplements (DNs 12 & 13) are **DENIED**.

As the action has been dismissed and the motion to alter or amend has been denied, **IT IS FURTHER ORDERED** that the plaintiff's motion seeking a copy of the "forced cell move" (DN 14) is also **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005